UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY SMITH,

    Plaintiff,

    v.

ROSANA LIM-JAVATE, et al.,

    Defendants.

Case No. 16-cv-01278-SI

**ORDER OF SERVICE**

Anthony Smith filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain about conditions of confinement at the Correctional Training Facility in Soledad ("CTF-Soledad"). His complaint is now before the court for review under 28 U.S.C. § 1915A. The complaint will be served on the two defendants.

**BACKGROUND**

The complaint alleges the following:

Smith hurt his right shoulder several years ago and thereafter received cortisone injections and physical therapy. That treatment proved ineffective.

On April 4, 2014, his primary care provider, Dr. Friederichs, noted Smith's shoulder problems and submitted a request for services (RFS) for an MRI. Chief medical officer Dr. Rosana Lim-Javate approved the RFS on April 25, 2014. The MRI showed problems with Smith's shoulder. Dr. Friederichs then submitted a RFS for an orthopedic consult to obtain needed surgery. Without examining Smith and in disregard of the MRI results, Dr. Lim-Javate denied the RFS.

Smith's condition worsened and Dr. Friederichs submitted another RFS for an orthopedic consult, which Dr. Darrin Bright approved on September 22, 2014. Smith was seen by Dr. Kowall, an orthopedist, on October 22, 2014; Dr. Kowall recommended an EMG/NCS and neurology consult before any shoulder surgery. After studies were done, on February 18, 2015, Dr. Kowall examined Smith again and reviewed the nerve conduction studies; Dr. Kowall determined he could not recommend surgery until a tertiary orthopedic consultation was completed. Dr. Friederichs requested such a consultation on February 28, 2015, and Dr. Bright denied the request twice without examining Smith.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment's Cruel and Unusual Punishments Clause requires that prison officials provide for the health and safety of prisoners. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference to serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104. Liberally construed, the *pro se* complaint states cognizable § 1983 claims against Dr. Lim-Javate

and Dr. Bright for allegedly denying the requests for services with deliberate indifference to Smith's serious medical needs.

**CONCLUSION**

1. Liberally construed, the complaint states cognizable § 1983 claims against Dr. Lim-Javate and Dr. Bright for violations of Smith's rights under the Eighth Amendment. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the complaint, and a copy of this order upon Dr. Rosana Lim-Javate and Dr. Darrin Bright, both of whom apparently are on the medical staff at the Correctional Training Facility in Soledad.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **July 22, 2016**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **August 19, 2016**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **September 2, 2016**.

4.  Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5.  All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.  Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: April 26, 2016

_____
SUSAN ILLSTON
United States District Judge