UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSANA LIM-JAVATE, et al.,<br><br>    Defendants. | Case No. 16-cv-01278-SI<br><br>**ORDER FOR SUPPLEMENTARY EVIDENCE**<br><br>Re: Dkt. Nos. 17-3 |

In this *pro se* prisoner's civil rights action, plaintiff claims that the two defendant-doctors were deliberately indifferent to his medical needs when they denied requests for services (RFS) for plaintiff to see an outside orthopedist. Defendants now move for summary judgment, and plaintiff opposes that motion. Defendants' motion has some evidentiary shortfalls that they will be given an opportunity to cure because it is not a good use of judicial resources to hold a trial simply because a party has presented inadequate evidence on a motion for summary judgment yet it appears that the evidentiary shortfalls can be cured with a little effort.

First, defendants present incomplete medical records for Smith. Defendants argue that their medical decisions were justified and point to certain medical records in support of their decisions. But the medical records submitted to the court lack some of the documents relied upon by defendants to make their challenged decisions. Defendants therefore must file and serve a copy of the following documents (with an appropriate authenticating declaration) in a supplement to their motion for summary judgment:

    (a) Dr. Kowall's report from a February 18, 2015 consultation in which he recommended referral to a tertiary care center, that was attached to the February 28, 2015 RFS. *See* Docket No. 17-7 at 20.

(b) the EMG/NCS reports that were attached to the February 28, 2015 RFS. *See id.*

(c) the February 20, 2015 progress notes referred to in the March 17, 2015 RFS. *See id.* at 22.

(d) the notes and reports generated when Smith's case was presented to the Medical Authorization Review Committee in or about March or April 2015. *See id.* at 23.[1]

Second, defendants' evidence that Smith did not exhaust his administrative remedies for his claim against Dr. Bright is in the wrong form and is insufficient to show entitlement to summary judgment. Defendants present the administrative appeal records as attachments to a request for judicial notice in which they request that the court to take judicial notice that Smith filed one inmate appeal on July 27, 2014, and another one on June 21, 2015. Docket No. 17-3. The court can judicially notice facts that are not subject to reasonable dispute in that they are generally known within the territorial jurisdiction of the court or they are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The CDCR's records of a prisoner's inmate appeals, and the fact that an inmate has filed inmate appeals, are not judicially noticeable because they are subject to reasonable dispute. The request for judicial notice therefore is DENIED. Docket No. 17-3. Although the existence and content of inmate appeal records are not judicially noticeable, the CDCR's records of plaintiff's inmate appeals can be presented as an attachment to a declaration from a custodian of records. In prior cases, prison personnel represented by the California Attorney General's Office have been able to successfully show non-exhaustion with (a) a declaration from a custodian of records presenting and authenticating copies of the administrative appeals that do exist, *and* (b) a declaration from some knowledgeable witness who declares that he/she has searched the CDCR's records and found no other administrative appeals that received a third level decision concerning the subject matter of the lawsuit (and presents a printout showing appeals that have been filed by an inmate and the outcome of those appeals).

---

[1] It appears that prison officials took the position that the MAR committee documents were not part of Smith's medical records when he attempted to obtain a copy of them. For the pending motion for summary judgment, defendants need to provide a copy of those documents, wherever the documents are stored and however they are labeled.

2

Defendants must file and serve the supplementary evidence no later than **September 8, 2017**. Plaintiff must file and serve any response or opposition to the evidence, as well as any additional evidence he has, no later than **September 25, 2017.**

**IT IS SO ORDERED**.

Dated: August 15, 2017

SUSAN ILLSTON
United States District Judge